*Decision will be entered accordingly.*

---

CONKLIN-ZONNE-LOOMIS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 7223, 13461.  Promulgated April 13, 1927.

1. During the taxable years petitioner owned substantial amounts of stocks and bonds of other corporations and received material portions of its income therefrom. *Held*, that it is not entitled to personal service classification.

2. *Held*, that respondent correctly excluded certain amounts representing investments in domestic stocks from the computation of the petitioner's invested capital.

*H. A. Mihills, C. P. A.*, for the petitioner.
*J. Arthur Adams, Esq.*, for the respondent.

The Commissioner has asserted deficiencies for the fiscal years ended April 30, 1920, and April 30, 1921, and for the fiscal period which terminated at December 31, 1921, in the respective amounts of $9,047.73, $5,930.92, and $3,935.03, or a total of $18,913.68.

The principal issue to be determined is whether the petitioner was entitled to classification as a personal service corporation during the taxable years and taxable period involved. If the Board finds against personal service classification, the petitioner then contends that certain stocks owned by it during the entire time involved should be included in the computation of its invested capital for profits tax purposes. It was agreed that the two cases should be consolidated for hearing and decision.

FINDINGS OF FACT.

The petitioner is a Minnesota corporation, with its principal office at Minneapolis. During the time involved in this proceeding

its principal business was the management, as agents, for owners of certain office and retail store buildings located in Minneapolis. Its operations consisted in the renting of such buildings, collection of rents, payments of taxes, arranging and paying for insurance, and all other operating expenses, and in the employment of the personnel required for the operation of buildings under its management. For these services it received a commission of approximately 5 per cent on the gross rentals collected. During the fiscal year ended April 30, 1921, it purchased coal for the owners of the buildings and received a commission of 5 cents per ton on such purchases. The petitioner also had some income from dividends, commissions on loans, and for rental of space in its offices, and from making appraisals of real estate.

During the taxable years, the officers of the petitioner and their stockholdings were J. F. Conklin, president, 1 share; A. E. Zonne, vice president, 124 shares; and, G. B. Loomis, secretary, 41 shares. No other stock was outstanding. Zonne and Loomis devoted practically all their time to the business. Conklin's activities were nominal.

The business of the petitioner was secured by advertising in newspapers, by the circulation of printed matter among prospective clients, and by personal solicitation by the officers. None of the employees took any part in acquiring new business. The only equipment used consisted of office furniture, fixtures, and supplies.

The employees of the petitioner, their positions, and the salaries paid during the taxable years, were as follows:

| Name. | Position. | 1920. | 1921. | 1922. |
|---|---|---|---|---|
| Mabel O. Marsh | Cashier and stenographer | $1,400 | $1,600 | $1,700 |
| I. M. Dickenson | Bookkeeper | 1,800 | 2,300 | 2,400 |
| Bertha Knoble | Assistant bookkeeper | 1,000 | 1,200 | 1,500 |
| P. E. Letzinger | Rentals and collections | 1,800 | | |
| Harriett Webster | Telephone operator | 750 | | |
| John Olsen | Purchasing and rentals | 1,600 | 1,800 | 2,000 |
| E. H. Conklin | Rentals and collections | 1,000 | 1,200 | 1,500 |
| LeRoy Johnson | Errand boy | 900 | 1,000 | 1,300 |
| Miss Calligan | Telephone operator | | 1,120 | 1,200 |
| Dell Mills | Errand boy | | | 450 |

Rents of buildings managed by the petitioner were payable monthly in advance. Collections were always made before the end of the month, and settlements were made with clients between the tenth and fifteenth of the succeeding month. There was always sufficient money to pay all operating expenses, and to settle with clients without the use of either invested or borrowed capital.

The petitioner owned substantial amounts of the stocks of various other Minnesota corporations, and received dividends therefrom, in

the several taxable. years, in the respective amounts of $8,649.96, $6,203.76, and $4,127.46. Such investments totaled $39,760, $41,495, and $39,110, for the respective taxable years. It also owned and received income from a relatively small investment in Liberty bonds.

The parties agree that the income and deductions therefrom of the petitioner for the taxable years were as follows:

*Income and deductions, fiscal year ending April 30, 1920.*

Income:

| | | |
|---|---:|---:|
| Sales and loans business | | $19,011.16 |
| Rental business | | 44,357.72 |
| Interest on obligations, United States | | 819.17 |
| Interest from bank balances, etc | | 267.08 |
| Interest from bonds | | 468.08 |
| Rentals | | 1,339.98 |
| Dividends | | 8,649.96 |
| | | 74,913.15 |

Deductions:

| | | |
|---|---:|---:|
| Compensation to nonstockholders | $10,280.11 | |
| Interest paid | 286.33 | |
| Advertising | 820.64 | |
| Compensation—stockholders | 13,600.00 | |
| Rent paid | 3,200.00 | |
| Depreciation | 215.54 | |
| Other deductions | 7,975.24 | |
| | | 36,377.86 |
| Net income reported | | 38,535.29 |

Adjustments to find taxable income:

Deductions—

| | | |
|---|---:|---:|
| Dividends | $8,649.96 | |
| Liberty bond interest | 693.01 | |
| Adjustment to book profit | 88.56 | |
| | | 9,431.53 |
| Income on which tax is computed | | 29,103.76 |

*Income and deductions, fiscal year ending April 30, 1921.*

Income:

| | |
|---|---:|
| Sales and loans business | $629.00 |
| Rental business | 49,467.44 |
| Interest—bank balances, etc | 442.85 |
| Interest on bonds | 240.00 |
| Interest on obligations, United States | 1,013.82 |
| Dividends | 6,203.76 |
| Income on coal sales | 1,551.43 |
| | 59,548.30 |

Deductions:

| | | |
|---|---|---|
| Compensation to nonstockholders | $10, 581. 42 | |
| Interest paid | 150. 00 | |
| Advertising | 803. 95 | |
| Compensation—stockholders | 9, 050. 00 | |
| Exchange | 74. 87 | |
| Rent and light | 3, 060. 00 | |
| Depreciation | 193. 99 | |
| Other deductions | 6, 237. 09 | |
| | | $30, 151. 32 |

Income reported _____ 29, 396. 98

Adjustment to find taxable income:

Deductions—

| | | |
|---|---|---|
| Dividends | $6, 203. 76 | |
| Interest, Liberty bonds | 1, 013. 82 | |
| | | 7, 217. 58 |

Total _____ 22, 179. 40

Additions—

Taxable Liberty bond interest _____ 190. 00

Taxable net income _____ 22, 369. 40

*Income and deductions, fiscal year ending April 30, 1922.*

Income:

| | |
|---|---|
| Sales and loans business | $720. 00 |
| Rental business | 54, 709. 36 |
| Interest earned | 352. 30 |
| Dividends | 4, 127. 46 |
| Liberty bond interest | 955. 14 |
| | 60,864. 26 |

Deductions:

| | | |
|---|---|---|
| Compensation to nonstockholders | $12, 635. 00 | |
| Advertising | 1, 817. 92 | |
| Compensation, stockholders | 9, 400. 00 | |
| Exchange | 66. 58 | |
| Rent and light | 3, 085. 00 | |
| Depreciation | 180. 57 | |
| Other deductions | 6, 182. 41 | |
| | | 33, 367. 48 |
| | | 27, 496. 78 |

Adjustment to find taxable income:

Deductions—

| | | |
|---|---|---|
| Dividends | $4, 127. 46 | |
| Liberty bond interest | 955. 14 | |
| | | 5, 082. 60 |
| | | 22, 414. 18 |

Additions—

Taxable Liberty bond interest _____ 190. 00

Taxable net income _____ 22, 604. 18

The parties agree that the balance sheets of the petitioner for the years involved herein were as follows:

*Balance sheets.*

|  | Apr. 30, 1919. | Apr. 30, 1920. | Apr. 30, 1921. | Apr. 30, 1922. |
|---|---|---|---|---|
| **ASSETS.** | | | | |
| Cash | $1,688.76 | $1,981.43 | $7,397.01 | $7,753.18 |
| Accounts receivable | 24,941.56 | 37,138.79 | 28,241.77 | 38,923.66 |
| Notes receivable | 490.00 | 250.00 | 250.00 | 60.00 |
| Contingent fund | 0 | 0 | 33.83 | 41.15 |
| Corporate bonds | 3,691.25 | 3,591.25 | 3,591.25 | 3,591.25 |
| Furniture and fixtures | 2,059.23 | 1,939.94 | 1,745.95 | 1,625.18 |
| Mortgages | 680.00 | 680.00 | 480.00 | 480.00 |
| Accounts receivable (Conklin-Zonne-Harrison Agency, Inc., loan) | 8,125.00 | 3,000.00 | 3,000.00 | 3,000.00 |
| Liberty bonds | 19,100.00 | 21,550.00 | 21,550.00 | 21,550.00 |
| Manager's fund | 0 | 0 | 0 | 300.00 |
| Cash value life insurance | 825.00 | 3,545.00 | 4,885.00 | 6,165.00 |
| Corporate stock | 39,760.00 | 41,495.00 | 39,110.00 | 39,110.00 |
|  | 101,360.80 | 115,171.41 | 110,284.81 | 122,599.42 |
| **LIABILITIES.** | | | | |
| Accounts payable | 53,927.16 | 61,543.18 | 56,354.61 | 68,613.35 |
| Notes payable | 2,500.00 | 0 | 0 | 0 |
| Accounts payable, special | 13,400.00 | 13,400.00 | 13,400.00 | 11,400.00 |
| A. E. Zonne, trustee | 6,000.00 | 8,000.00 | 10,000.00 | 12,000.00 |
| Capital stock | 16,600.00 | 16,600.00 | 16,600.00 | 16,600.00 |
| Surplus | 8,933.64 | 15,628.23 | 13,930.20 | 13,986.07 |
|  | 101,360.80 | 115,171.41 | 110,284.81 | 122,599.42 |

OPINION.

LANSDON: The record of this proceeding discloses that a material part of the petitioner's income for each of the taxable years, and the taxable period in question, resulted from dividends received from investment of capital in stocks and bonds. We are of the opinion, therefore, that the petitioner is not entitled to personal service classification in any of the years as to which deficiencies are asserted by the respondent.

The petitioner argues that the investments of securities should be regarded as belonging individually to the stockholders of a personal service corporation, and in proportion to their stockholdings and that income therefrom in no way resulted from its business activities. In the case of *Matteson Co.* v. *Willcuts*, 12 Fed. (2d) 447, the court said:

Any corporation claiming to be a personal service corporation must bring itself fairly within the requirements of such an organization, as provided by law. Every corporation has full control of its own activities. It knows what the requirements of a personal service corporation are. It may comply therewith and easily keep within the limits thereof if it so choose, or it may not if it otherwise prefers. If it does not fairly observe and keep within the requirements of the law, it should not claim the benefits which the law confers. To nearly comply with the law, or to come within hailing distance thereof, is not enough.

It was within the power of this petitioner to distribute in kind or cash its surplus funds invested in income-bearing securities. It elected not to do so, and, as a consequence, the income so realized can only be regarded as income of the corporation from the use of capital. See *Appeal of Seaboard Mills, Inc.*, 5 B. T. A. 575.

As an alternative contention the petitioner argues that the amount of its surplus invested in stock of other corporations should be included in its invested capital for excess-profits tax purposes. The evidence disclosed that, in computing the petitioner's net income, the Commissioner gave full effect to the provisions of section 234(a)(6) of the Revenue Act of 1918, and the corresponding provisions of the Act of 1921. In the determination of the deficiencies here in question, no part of the income derived from investments in the stock of domestic corporations has been included in the petitioner's net taxable income. Such investments, therefore, are inadmissible assets in the computation of statutory invested capital. On the alternative contention we, therefore, approve the determination of the Commissioner. *Appeal of Securities Investing Fund, Inc.*, 1 B. T. A. 279; *Appeal of Collins Co.*, 3 B. T. A. 1213.

*Judgment will be entered for the respondent.*